## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **B.G., L.G., and T.G.**

**No. 18-0561** (Cabell County16-JA-216, 16-JA-217, and 16-JA-218)

## MEMORANDUM DECISION

Petitioner Mother A.C., by counsel Randall D. Wall, appeals the Circuit Court of Cabell County's May 25, 2018, order terminating her parental rights to B.G., L.G., and T.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Sarah E. Dixon, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she had not remedied the conditions of abuse and neglect and erred in terminating her rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was the subject of a previous abuse and neglect proceeding in February of 2013 when the DHHR filed a petition alleging that her substance abuse negatively affected her ability to parent the children. Ultimately, petitioner relinquished her custodial rights to the children in April of 2014 and the father was granted sole custody of the children. The parties agreed to continue visitation between petitioner and the children and the petition was dismissed. In July of 2016, the DHHR filed a second petition alleging that the father and his current paramour were abusing controlled substances and failing to properly supervise the children.

Petitioner filed a motion to modify the prior dispositional order and re-establish her custodial rights in March of 2017. According to her motion, petitioner exercised weekend

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

visitation and custody of the children during the summer until 2016. In 2016, petitioner served five months in jail and was released in October of 2016. The motion alleged that petitioner continued to contact the children by telephone until they were removed from the father's care in July of 2016. Since the removal of the children, petitioner alleged that the DHHR refused her visitation. Additionally, petitioner alleged that she was successfully participating in the drug court program since her release from incarceration. In May of 2017, the circuit court held a dispositional hearing. The father ultimately voluntarily relinquished his parental rights to the children. The DHHR announced that it would be investigating petitioner's circumstances and filing an amended petition if necessary. Petitioner was later granted supervised visitation with the children.

The DHHR filed an amended petition in September of 2017 and alleged that petitioner was actively abusing controlled substances at the time the children were neglected by the father and that petitioner effectively abandoned the children. In November of 2017, petitioner stipulated to the allegations of abuse and neglect in the petition and was adjudicated as an abusing parent. Petitioner was granted a post-adjudicatory improvement period in November of 2017.

In January of 2018, the guardian filed a motion to set the case for disposition on the basis that the children had been in the custody of the DHHR for eighteen out of the last twenty-two months and that substantial issues occurred during petitioner's visitation with the children. The guardian alleged that the children had special needs and required stability and structure in their lives. According to the guardian, petitioner was exercising unsupervised visitation and did not have proper bedding for the children. Additionally, petitioner allowed her boyfriend, a convicted felon, to have contact with the children without prior approval of the DHHR. The circuit court held a hearing on the guardian's motion, adopted the above findings, and set the case for a dispositional hearing. The circuit court also ordered that petitioner's future visitations be supervised.

The circuit court held multiple evidentiary hearings regarding disposition in February, March, April, and May of 2018. The evidence showed that petitioner completed the drug court program and had been substance free for an extended period of time. Additionally, the circuit court found that petitioner recently obtained a home. However, the circuit court also found that petitioner's unsupervised visitations were revoked following two major issues. First, petitioner exposed her children to her convicted felon boyfriend without the DHHR's approval. Second, petitioner allowed her children to be supervised by their grandmother and the children witnessed the grandmother abusing controlled substances while in her care. Further, the circuit court found that the children had various special needs that were being appropriately treated in their current placement. Testimony adduced during the dispositional hearings showed that petitioner rarely attended the children's medical appointments. Additionally, the circuit court heard in camera testimony from the two oldest children and both indicated that they wished to stay in their current placement. The circuit court noted that the children were placed in their current home in July of 2016 and were previously placed there during petitioner's prior abuse and neglect proceeding. Ultimately, the circuit court found that petitioner was unable to provide the care that the children deserved and needed and that it was contrary to their welfare to be returned to her

custody at that time. Accordingly, the circuit court terminated petitioner's parental rights in its May 25, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that the conditions of abuse and neglect were not corrected at the time of the dispositional hearing. Petitioner asserts that the DHHR produced no evidence that her parenting was a continued danger to the children. Petitioner argues that

> [a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In re Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). However, upon our review of the record, we disagree with petitioner. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when "the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." West Virginia Code § 49-4-

---

[2]The father voluntarily relinquished his parental rights. According to the parties, the permanency plan for the children is adoption in their current foster placement.

3

604(c) continues and illustrates several circumstances in which there is no reasonable likelihood that the conditions of abuse and neglect could be corrected. Although petitioner argues that none of these situations apply in her case, the statute explicitly states that these situations "are not exclusive." In other words, the circuit court does not need to match a parent's circumstances to those listed in order to find that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected.

The record supports a finding that petitioner could not solve the conditions of abuse and neglect on her own or with help. Petitioner exhibited multiple problems while she exercised unsupervised contact with the child. Petitioner demonstrated that she could not adequately provide for the children based on her failure to supply proper bedding for overnight visits. Additionally, petitioner exposed the children to multiple inappropriate people, including an active substance abuser. "In making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Petitioner's poor judgment exposed her children to substance abuse and inappropriate individuals. Clearly, it is not in the children's best interests to be subject to that continued risk. Further, the record shows that petitioner rarely participated in the children's medical appointments. Due to the children's special needs, their medical care required diligent upkeep. Despite petitioner's assertions that she located professionals to assist with the children's needs, she did not demonstrate the ability to consistently provide for those needs. Accordingly, we find that the record supports a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that it was in the children's best interest to terminate her parental rights.

Petitioner also argues that the circuit court should have imposed a less-restrictive dispositional alternative to termination of her parental rights. However, we have previously held

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As stated above, the record supports the necessary findings to terminate petitioner's parental rights. Moreover, the circuit court found that the oldest two children preferred to stay in their current placement rather than transition back to petitioner's custody. *See* West Virginia Code § 49-4-604(b)(6)(C)("the [circuit] court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court."). Therefore, the circuit court's termination of petitioner's parental rights was support by the evidence and by the children's wishes. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 25, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker